## Smith v. Eyre, Appellant.

*Foreign attachment—Judgment for want of an appearance—Effect of proceedings to open or set aside—Execution—Act of 1836.*

A judgment entered for want of an appearance in a suit commenced by a writ of foreign attachment, under the act of June 13, 1836, P. L. 580, binds only the property attached, and process for its collection does not extend to other property of the defendant.

Unsuccessful efforts to open or set aside such a judgment do not convert it from a judgment in rem into a judgment in personam.

Argued Jan. 12, 1892. Appeal, No. 70, July T., 1891, from judgment of C. P. No. 3, Phila. Co., June T., 1888, No. 275, discharging rule obtained by defendant, Mary Y. Eyre, to set aside fi. fa. issued by plaintiff, A. Louis Smith. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Foreign attachment.

Judgment for want of an appearance was entered Dec. 11, 1888. On June 14, 1889, a rule was obtained to open judgment and let defendant into a defence; and on Dec. 11, 1889, this rule was discharged. On Feb. 25, 1890, an appearance was entered for defendant. On April 22, 1891, the fi. fa. issued.

The other facts appear by the opinion of the Supreme Court.

*Error assigned* was discharging the rule to set aside fi. fa.

*Charles Davis*, with him *H. G. Hartranft*, for appellant.

*Alfred J. Wilkinson*, for appellee.—Where defendant appears and makes defence, the action is in personam: Act of June 16, 1836, § 64; formal appearance is not necessary: Weaver v. Stone, 2 Gr. 422; Morton v. Hoodless, 1 Miles, 46. Without appearance defendant was not entitled to a hearing: Brock v. Brock, 18 W. N. C. 123. The appellant has had her day in court and a hearing upon the merits.

OPINION BY MR. JUSTICE McCOLLUM, May 23, 1892:

A judgment entered for want of an appearance in a suit commenced by a writ of foreign attachment, under the act of June 13, 1836, P. L. 580, binds only the property attached, and the process for the collection of it does not extend to other property of the defendant.

In the case before us the attachment was levied upon a certain lot situate on the south side of Dickinson street, in Philadelphia, and having a front of eighteen feet and a depth of seventy feet; and Edward Crawford, the Kensington National Bank and John Grunninger, were summoned as garnishees. At the third term of the court after the execution of the writ, the plaintiff having filed his declaration, moved for and obtained a judgment against the defendant for default of appearance, and had the damages assessed at $931.38. The plaintiff, without obtaining judgment against the garnishees, procured an order for a writ to the sheriff to collect the rents of the real estate attached, and without showing that these were insufficient to pay the amount of his judgment, with interest and costs, issued a writ of fieri facias thereon, by virtue of which a levy was made on other real estate of the defendant, who moved the court to set aside the writ, and, from its refusal to do so, took this appeal. It is conceded that the court below erred in refusing to set aside the writ of fieri facias, unless the judgment entered for default of appearance became, in consequence of the appellant's efforts to set it aside or to open it, a personal judgment. It is not necessary to cite authorities to show that the original judgment was confined to the property attached, or that a judgment entered after an appearance, in a suit commenced by a writ of foreign attachment, has all the qualities of a judgment in a suit commenced by a summons. The question

is whether the efforts to set aside or open the judgment have the effect of an appearance before it was obtained. These ef-·forts were made six months after the judgment was entered and were intended to secure to the appellant the opportunity for defence which an appearance before judgment would have given him. But as they were successfully resisted by the appellee, the position of the parties is unchanged, and neither has gained or lost anything by them. The appellee has his judgment for default of appearance, with the remedies provided by the statute for its enforcement, but he cannot, by virtue of any execution process upon it, take other property of the appellant. An unsuccessful effort to set aside or open a judgment in rem does not convert it into a judgment in personam.

The order discharging the rule to set aside the fi. fa. is reversed, and the rule is now made absolute.