## Rembrandt Peale *v.* J. Edward Addicks, Appellant.

*Promissory notes—Defenses—Taking note after maturity.*

A person who takes a bill or note after it is due, takes it subject to all objections in respect of want of consideration or illegality, and all other objections and equities affecting the instrument itself and to which it was liable in the hands of the person from whom he takes it.

In an action upon a promissory note against an indorser, where the plaintiff's statement shows that the plaintiff received the note after maturity, an affidavit of defense is sufficient which avers that the defendant indorsed the note as an accommodation to plaintiff's assignor, and to enable him to raise money upon the note at his bank, and that defendant received no consideration for his indorsement.

Argued Jan. 27, 1896. Appeal, No. 55, Jan. T., 1896, by defendant, from order of C. P. No. 1, Phila. Co., June T., 1895, No. 231, making absolute a rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ. Reversed. DEAN, J., dissents.

Assumpsit on a promissory note against an indorser.

Plaintiff's statement was as follows:

Plaintiff claims of the defendant the sum of $1,501.54, together with interest thereon, from the 21st day of April, 1895, all of which is justly due from the defendant to the plaintiff upon a promissory note, drawn by the Staten Island Terra Cotta Lumber Company to the order of "Ourselves," and indorsed by the said Staten Island Terra Cotta Lumber Company and the defendant for $1,500, dated January 18, 1895, payable three months after date.

The following is a copy of said promissory note:

" $1500.00          WOODBRIDGE, N. J., Jan. 18, 1895.

"Three months after date, the Staten Island Terra Cotta Lumber Co., promises to pay to the order of Ourselves, Fifteen Hundred Dollars, at The First National Bank, Jersey City, N. J. Value received.

".STATEN ISLAND TERRA COTTA LUMBER CO.

"No. 60, Due April 21st.          GEO. A. KELLY, Treasurer.

" (Countersigned)          J. EDWARD ADDICKS, President.

"(Indorsed),

"STATEN ISLAND TERRA COTTA LUMBER CO.

"GEO. A. KELLY, Treasurer.

"J. EDWARD ADDICKS.

"JNO. W. PEALE."

Said note was indorsed by defendant and delivered to John W. Peale for a valuable consideration before maturity. It was subsequently indorsed and delivered by said John W. Peale, after maturity for a valuable consideration to the plaintiff, and is now in the possession and ownership of the plaintiff. Said note was duly protested for nonpayment, the costs of protest being $1.54.

Plaintiff therefore claims of defendant the said sum of $1,501.54, together with interest thereon aforesaid.

The affidavit of defense set forth :

That the Staten Island Terra Cotta Lumber Company, of which the deponent is the president, entered into a contract with John W. Peale by which the said John W. Peale was to deliver coal to the said company and to receive in payment therefor notes of the company without an indorser.

That this contract was carried out for some time by the delivery of coal, and the payment therefor by the notes of the company.

Subsequently, to wit, a short time before the indorsement of the note in suit, and during the running of said contract, the said John W. Peale stated to the said company that he was unable to use their notes unless they were indorsed, and suggested their indorsement by this deponent, but upon the matter being submitted to him by the company, he refused to indorse the same without some consideration.

Subsequently the said John W. Peale applied to him requesting him to indorse the notes and stating that he was not in any

way fearful of the payment of the same by the company, but that he desired to use the same with his banks, which would not accept them unless they were indorsed by this deponent, stating at the same time that he would extend them when they came due as far as he was able to.

That for some time this deponent refused, but subsequently, as an accommodation to Mr. Peale solely and to enable him to raise money upon the said notes with his banks, he indorsed the said notes but received therefor no consideration whatever, and avers that it was distinctly understood by the said John W. Peale that the notes were indorsed solely for his accommodation without value and for specific use with his banks.

That the note in suit was one of the notes which was executed in pursuance of the above facts.

That the present plaintiff received the same after maturity, as appears by the amended statement.

See the next preceding case.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*C. Berkeley Taylor*, for appellant.

*John G. Johnson*, for appellee.

OPINION BY MR. CHIEF JUSTICE STERRETT, March 30, 1896:

This case was argued with number 209 July term, 1895— John W. Peale against same defendant—supra, p. 543, in which an opinion has just been filed. In principle, the cases are substantially the same. The only alleged difference, that need be noticed, is that in the case referred to the suit was brought by the person for whose accommodation the indorsement by the defendant was made. In this case, the plaintiff is the immediate indorsee of that person, and received the note from him after maturity. If this be so, he is in no better position than the accommodated indorsee—the plaintiff in the other case: Clay v. Cottrell, 18 Pa. 408; Bower v. Hastings, 36 Pa. 285; Wilson v. Savings Bank, 45 Pa. 488; Hoffman v. Foster, 43 Pa. 137; Chester v. Dorr, 41 N. Y. 285. In one of these cases,—

Bower v. Hastings,—it was held to be a good defense, in an action by an indorsee against the maker of a promissory note, "that it was made for the accommodation of the payee, without consideration, and negotiated by him when overdue." The fact that the note in suit was indorsed and delivered to the plaintiff, after maturity, by the party for whose accommodation the indorsement was made, is distinctly set forth in plaintiff's statement, and also in the affidavit of defense.

Again, as was said in Wilson v. Savings Bank, supra, "A person who takes a bill or note after it is due, takes it subject to all objections in respect of want of consideration or illegality, and all other objections and equities affecting the instrument itself and to which it was liable in the hands of the person from whom he takes it." The fact that defendant's indorsement was without consideration, and made at the request of John W. Peale, by whom the note was indorsed and delivered to plaintiff after maturity, sufficiently appears in the affidavit of defense.

We think the learned court erred in holding that the affidavit of defense is insufficient, as well as in assuming the sufficiency of plaintiff's statement.

Judgment reversed and procedendo awarded.

MR. JUSTICE DEAN (dissenting).

I dissent from the judgment in these cases. Whether a party be an accommodation indorser, in the sense that will bar a recovery against him by the holder of the paper, depends on the facts and not on a definition, which last ought not to be invoked to relieve against a manifest liability from circumstances attending the delivery of the paper. An indorsement made without a money consideration, and at the request of the party to whom the paper is delivered, does not in all cases or in nearly all, determine the nonliability of the indorser to the holder. A large amount of the paper daily discounted by banks has upon it the names of third parties who have no pecuniary interest in the transactions or the paper given in settlement of them; the names are put upon the paper often at the request of the banks; they will not discount without the third names; they part with their money on the faith of the indorsements. Who doubts the liability of such indorsers to the bank? They accommodate, not the bank however, but the drawer of the paper; yet the

definition here cited if invoked in its letter against the bank would defeat a recovery against the assumed accommodation indorser.

Here the plaintiff sold and delivered coal to the company of which Addicks was president; when payment was demanded Addicks delivered to Peale two notes aggregating $3,500—in payment drawn by the company and signed by him as president; Peale requested Addicks to indorse them individually that he might have them discounted; Addicks did so; he now defends as accommodation indorser. His affidavit of defense sets up, on these facts, his opinion, that he was an accommodation indorser for Peale; an opinion obviously formed since the insolvency of his company, but the facts stated warrant nothing but the opposite opinion or inference. Peale was entitled to payment for his coal; the company's note was useless to him as payment, therefore he requested the individual indorsement of the president. True, that was an accommodation to Peale in the same sense that it would have been if Addicks had paid him in money the bill out of his own pocket. But the real accommodation was to the company which owed the money and which thereby was relieved from the demand of the creditor. If Addicks pays, the company is answerable to him for the amount.

If, the affidavits had set out that at the time of the indorsement there was an agreement between Peale and Addicks that the latter as between him and Peale was not to be held liable, the case would have been one for a jury; as the record stands they are in my opinion wholly insufficient and the judgments ought to be affirmed.