# Glenny, Appellant, *v.* Boyd.

*Foreign attachment—Judgment—Effect of judgment—Alias writ—Appearance.*

A pending foreign attachment in which no appearance has been entered by the defendant, is as between the plaintiff and defendant a proceeding in rem ; a judgment entered in such a case binds only the property attached, or, to speak more accurately, only the interest of the defendant in the property attached, under the Act of June 13, 1846, P. L. 568, and the statute

provides no process for the collection of the claim out of property of the defendant not bound by the original attachment.

When a garnishee named in the original writ in foreign attachment has not been served, an alias writ may be issued for the purpose of carrying on the proceedings against the property which has already been indicated as its object; but the plaintiff cannot by virtue of the alias writ take any property of the defendant which was not bound by the original writ.

An alias writ of foreign attachment which names as garnishees persons other than those mentioned in the original writ will be quashed, where it appears that the original writ had been served upon the garnishees therein named. An appearance of the defendant for the sole purpose of having the alias writ quashed and of setting aside the judgment thereon, will not have the effect of an appearance before judgment.

Argued May 17, 1904. Appeal, No. 152, April T., 1904, by plaintiffs, from order of C. P. Crawford Co., quashing alias writ in foreign attachment in case of W. H. Glenny, Bryant B. Glenny and George B. Watkins, trading as W. H. Glenny & Co. v. S. M. Boyd. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rule to quash alias writ of foreign attachment and proceedings thereunder. Before THOMAS, P. J.

The facts appear by the opinion of the Superior Court.

*Errors assigned,* were (1) in quashing the second or alias writ in foreign attachment and setting aside proceedings thereunder; and (2) in allowing the defendant to appear *de bene esse* and move to quash, etc.

*John A. Boland* and *Otto Kohler,* for appellant.—An alias capias may be issued in the same suit, but must be tested at the same term with the original, but the capias must be made returnable to the next ensuing term: United States v. Parker et al., 2 Dall. 373; Stewart v. Abrams, 7 Watts, 448; Lynn v. McMillen, 3 P. & W. 170; McClurg v. Fryer & Anderson, 15 Pa. 293.

A proceeding in attachment is not a proceeding in rem: Breading v. Siegworth, 29 Pa. 396.

*Alfred G. Church,* for appellee, cited: Dennison v. Blumenthal, 37 Ill. App. Ct. Rep. 385.

OPINION BY PORTER, J., October 17, 1904:

The plaintiffs, on November 25, 1902, instituted an action

against Mrs. S. M. Boyd by writ of foreign attachment, and, in a writing filed in connection with their præcipe, directed the sheriff to " especially attach all sums due by J. M. Petitt and Mrs. J. M. Petitt and M. H. Luse to said defendant, and all property in their hands belonging to said defendant, and summon them as garnishees." The writ was issued in the form prescribed by the statute, directing the sheriff to attach the defendant by her goods and chattels, lands and tenements, in whosesoever hands or possessions the same might be, and contained a clause commanding the sheriff to summon as garnishees the persons above named, and all other persons in whose hands and possessions goods and chattels, lands and tenements, or any of them, might be attached. The writ was returnable the first Monday of January, 1903. The sheriff returned the writ as duly executed on November 27, 1902, upon the garnishees thus above specifically named, and upon no others, and nihil habet as to the defendant. Nothing further was done in the proceeding until September 1, 1903, when the plaintiffs caused an alias writ of foreign attachment to issue in the same proceeding returnable to the then next term, and directed that Mrs. Kate Richardson, William Richardson and Charles Eckart be summoned as garnishees, and such alias writ was issued, and the new parties named were summoned as garnishees. This alias writ was returnable on the second Monday of September. The plaintiffs, having filed their declaration, moved for judgment against the defendant, on October 26, 1903, it being then the third term after the execution of the original writ, and judgment was on that day entered against the defendant, in default of an appearance, and the damages assessed at $271.87. Counsel for the defendant, on December 22, 1903, asked leave " to appear for the defendant de bene esse for the sole purpose of moving to strike off the judgment taken against the garnishees, the judgment against the defendant and quashing the alias writ of foreign attachment issued in the above case." The court granted leave to enter an appearance for the defendant for the special purpose indicated, and granted a rule to show cause why the judgment against the defendant and the garnishees should not be stricken off, and the alias writ of foreign attachment quashed. The court subsequently discharged the rule as to the property attached by virtue of the original

writ, and made an order quashing the alias writ of foreign attachment and all proceedings thereunder. The plaintiffs appeal from this order.

A proceeding by foreign attachment is for certain purposes a proceeding in rem, and personal notice to the defendant is not required, since the action proceeds on the ground that actual notice cannot be given : Wilson v. Mechanics' Savings Bank, 45 Pa. 488; Christmas v. Biddle, 13 Pa. 223 ; Anderson v. Young, 21 Pa. 443; Coleman's Appeal, 75 Pa. 441. A pending foreign attachment, in which no appearance has been entered by the defendant, is as between the plaintiff and defendant a proceeding in rem; a judgment entered in such a case binds only the property attached, or to speak more accurately only the interest of the defendant in the property attached, under the Act of June 13, 1836, P. L. 568, and the statute provides no process for the collection of the claim out of property of the defendant not bound by the original attachment: Wilson v. Mechanics' Savings Bank, 45 Pa. 488; Smith v. Eyre, 149 Pa. 272; Megee v. Beirne, 39 Pa. 50. When a garnishee named in the original writ has not been served, an alias writ may be issued for the purpose of carrying on the proceeding against the property which has already been indicated as its object. The writ and the return of the sheriff thereto must determine what property is the subject of the proceeding, and what property of the defendant may be bound by any judgment entered against the defendant in default of an appearance : Pennsylvania Railroad Company v. Pennock, 51 Pa. 244. A plaintiff is entitled to judgment against a defendant in default of an appearance at the third term after the execution of the writ, but such a judgment binds only the interest of the defendant in the property attached. This appellant was entitled to judgment against the defendant in default of an appearance, but that judgment bound only the property in the hands of the garnishees served in the original proceeding, and not the property against which he subsequently attempted to make his judgment effective. If the contention of the appellant is well founded, a plaintiff may cause certain property of a defendant to be seized under a writ of foreign attachment ; at the second subsequent term he may cause other property of the same defendant to be seized under an alias writ

in the same proceeding; at the third term he would be entitled to judgment upon his first attachment, which would bind only the property seized under that writ; at the fifth term he would be entitled to judgment against the defendant in default of an appearance under his second writ, which judgment would bind only the property seized under that writ, and the proceeding might thus be carried on indefinitely. The answer to this contention is that it is not authorized by the statute. The appellants have their judgment for default of an appearance, with the remedies provided by the statute for its enforcement, but they cannot by virtue of any proceeding thereunder take any property of the defendant which was not bound by the original writ. The effort of the defendant to set aside the judgment, and quash the alias writ which had been irregularly issued did not have the effect of an appearance before the judgment was obtained: Smith v. Eyre, 149 Pa. 272.

The judgment is affirmed.