## Trau & Loevner, Inc., v. Routman

*Sidney E. Rosenblum* and *John R. Boland,* for plaintiff.

*Bernard Goldstone,* for defendant.

McKAY, J., November 18, 1955.—This action of fraudulent debtor's attachment is before the court upon procedural questions raised by both plaintiff and the garnishees.

On July 1, 1954, plaintiff instituted the action against defendant and directed the sheriff to attach goods and credits of defendant in the hands of Max K. Altman, Irvin E. Altman and the First National Bank in Sharon.

The affidavit of cause of action averred that defendant owed plaintiff money for goods sold, and that "5. The said defendant is attempting to assign and dispose of his property with intent to defraud his creditor."

"6. The said defendant has made a sale of the goods, chattels and assets of his business to a third person in violation of the Sale of Goods in Bulk Act by failing to give notice to his creditors as required by such Act."

The writ of attachment was served upon the First National Bank in Sharon but upon no one else in Mercer County. However, the sheriff of Mercer County deputized the sheriff of Washington County to serve the attachment upon the two Altmans in that county, which was done.

The bank subsequently filed an answer stating that the Altmans had an account in that bank, had issued a check to defendant and had ordered payment stopped before it was paid.

On November 11, 1954, plaintiff filed a complaint, as required by the procedural rules which became effective October 1, 1954, but still did not serve defendant.

On December 16, 1954, plaintiff entered judgment against defendant.

On February 4, 1955, the Altmans filed preliminary objections raising the question of the court's jurisdiction over them on the ground that they had not been

legally served with the attachment in Washington County nor had any property of defendant been attached. They asked that the attachment be dissolved and that the judgment against defendant be stricken from the record.

On May 9, 1955, while the preliminary objections were pending, plaintiff caused an alias writ of attachment to issue. This writ was returned served within Mercer County upon "Max K. Altman, individually, on behalf of his partner, Irvin E. Altman, individually, and as a co-partner of the partnership known as Altman's Men's Store, consisting of Max K. Altman and Irvin E. Altman".

On May 23, 1955, Max K. Altman filed a motion to dissolve and to quash the alias writ of attachment on the grounds, inter alia, that it was in violation of rules 1290, 1263 and 1010 of the Pennsylvania Rules of Civil Procedure, that at the time it was issued preliminary objections to the original writ were pending, and that the alias writ was issued beyond the statutory limitation period contained in the Bulk Sales Act which provides that no action shall be brought under that act more than six months after the date when the transferee took possession of the goods.

On June 6, 1955, plaintiff filed preliminary objections to the Max K. Altman motion to dissolve and to quash the alias writ of attachment. The objections were that:

(a) The motion to quash as a procedural step is abolished by the Procedural Rules and the Altmans had failed to use the substituted procedure of preliminary objections;

(b) The affidavit of cause of action contains averments of fraud in addition to violation of the Bulk Sales Act, viz., that "the defendant is attempting to assign and dispose of his property with intent to defraud his creditors";

(c) The garnishee has no right to resist the original writ of attachment after judgment against defendant;

(d) The attachment is valid, at least as to Irvin and the partnership, they not having joined in the motion of Max K. Altman.

As a result of the various procedural steps taken, we now have before us for disposition: (a) The preliminary objections to the original writ; (b) the motion to dissolve and to quash the "alias" writ; (c) the preliminary objections to the motions to quash and dissolve.

We will consider them in the order of (a), (c) and (b).

(a) The preliminary objections to the original writ:

It is obvious that the original writ of attachment accomplished nothing. The attempted deputized service upon the Altmans in Washington County was invalid, for an attachment may not be served in another county by deputization. Jurisdiction to levy on debts by process of garnishment rests on the ability to serve the writ on the debtor of defendant within the jurisdiction of the court issuing the process: Falk Co. v. American Railway Express Co., 79 Pa. Superior Ct. 99; 10 Standard Pa. Practice, 272; Pa. R. C. P. 1257, 1006 and 1009.

It is true that the writ was served upon the First National Bank in Sharon, but no claim of defendant against the bank is admitted in the bank's answer filed, and from all that appears of record, the writ attached nothing.

It is contended that the outstanding check drawn on the bank by Altman to the order of defendant, payment of which had been stopped on Altman's order, constituted property of defendant in Mercer County which was reached by the attachment.

On the contrary, this transaction amounted at most

to a claim of defendant against Altman, not against the bank.

The judgment against defendant, however, cannot be challenged by the garnishees and, therefore, it must remain until attacked by defendant himself. But it is not a personal judgment and if, as appears, nothing was attached by the original writ, it is worthless.

Accordingly, the garnishee's preliminary objections must be sustained except as to the motion to strike off the judgment against defendant.

(c) The preliminary objections to the motion to quash and dissolve the "alias" writ.

We now consider plaintiff's preliminary objections to the garnishee, Max K. Altman's, motions to quash and dissolve the alias writ.

Plaintiff attacks first the form of the motions, contending that, according to the Pennsylvania Procedural Rules, effective as to attachments on October 1, 1954, motions to quash or dissolve are superseded by preliminary objections.

While this is true, we are of the opinion that the motions should not be dismissed on that ground. Whatever their form, their effect is to raise the same legal questions which strictly should be raised by preliminary objections. The procedural rules themselves provide that they should be construed liberally to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable: Pa. R. C. P. 126. So construing them, we will treat the motions to quash and dissolve as the equivalent of preliminary objections.

Plaintiff next contends that the affidavit of cause of action, which is the subject of the motions, sets forth grounds of fraud other than violations of the Bulk Sales Act and points to the fifth paragraph of the affidavit which reads:

"The said defendant is attempting to assign and dispose of his property with intent to defraud his creditor."

It is well settled that, in order to state a cause of action in fraudulent debtor's attachment, facts must be averred which indicate the fraud upon which the attachment must rest, or, in the alternative, the fraud must be alleged in the words of the statute.

This averment is neither.

Rather, the fifth paragraph appears to be a general statement of fraud of which the averments of the sixth paragraph are a specific statement. That paragraph, paragraph six, alleges a violation of the Bulk Sales Act as the fraud upon which the action rests. Therefore, the attachment must stand or fall upon that ground: Wolf v. Zentz, 5 D. & C. 276; Boyd v. Bright, 4 Pa. C. C. 518.

Plaintiff then contends that the garnishee has no right to attack the original writ of attachment after judgment has been entered against defendant.

Here, however, the garnishee is attacking not the original, but the "alias" writ.

Finally, plaintiff contends that, at all events, the writ is good as against the partners garnishee other than Max K. Altman. This may be true, depending upon whether the service as to the other partners or the alleged partnership was valid, a question not before us, because only Max K. Altman is attacking the alias writ. It is possible that this question is academic, for, as we recall, it was stated at the oral argument that the business of Altman Men's Store was owned solely by Max K. Altman, that is, that no partnership is involved in the present case.

Accordingly, the preliminary objections to the motions to quash and dissolve the alias attachment must be dismissed, as far as they affect Max K. Altman,

without prejudice to the question whether the writ can still be attacked by Irvin E. Altman or the partnership of Altman Men's Store, if such a partnership exists.

(b)  The motion to dissolve and quash the alias writ:

We now take up the objections which the garnishee, Max K. Altman, makes to the alias writ, considering his motion to dissolve and quash as the equivalent of preliminary objections to that writ.

Garnishee's first contention is that the alias writ should be quashed because the procedural rules have substituted the procedure of reissuing writs for the former statutory step of issuing an alias writ.

Since, as has been noted, the rules call for a liberal construction, we are of the opinion that the procedure of issuing an alias writ, here followed, was the practical equivalent of causing the original writ to be reissued, and we will so regard it.

Garnishee contends next that the alias writ should be quashed since preliminary objections to the original writ were still pending at the time of the issuance and service of the alias writ. He argues that under the attachment statute, prior to the adoption of the rules, an alias writ could not be issued while the original was outstanding, citing Wallace Elliott & Co. v. Plukart, 6 Pa. C. C. 151.

On the contrary, it was held in the case of Glenny v. Boyd, 26 Pa. Superior Ct. 380, 383:

"When a garnishee named in the original writ has not been served, an alias writ may be issued for the purpose of carrying on the proceeding against the property which has already been indicated as its object."

Regardless, however, of the practice prior to the adoption of the procedural rules, the present case is governed by them. They clearly provide that, in the case of foreign attachment, writs generally may be reissued at any time and any number of times: Pa.

R. C. P. 1263 (a). The rules relating to foreign attachment are equally applicable to fraudulent debtor's attachment: Pa. R. C. P. 1285.

Therefore, it is no ground for objecting to the alias writ in the present case that the original writ was outstanding and preliminary objections to it were pending when the alias writ issued.

This brings us to the final and, we believe, controlling question before us, viz., whether the alias writ should be quashed because it was issued more than six months after the issuance of the original writ.

We have already pointed out that the only averment as to fraud set forth in the affidavit of cause of action is that defendant violated the Bulk Sales Act by failing to give the notice to his creditors required by that act.

The affidavit does not state when this fraudulent act was committed, but it would have to be prior to July 1, 1954, for that was the date the affidavit was filed.

The alias writ of attachment was issued May 9, 1955, more than 10 months thereafter.

The Uniform Commercial Code, adopted in Pennsylvania April 6, 1953, P. L. 3 (12A PS §6-111), states:

"No action under this Article shall be brought more than six months after the date on which the transferee took possession of the goods." . . .

The original writ was apparently issued within the required six months period. But, here, plaintiff rests his case upon the alias writ. Was it issued too late?

Defendant contends that the alias writ must be quashed because it was issued more than six months (in this case over 10 months) after the issuance of the original writ. In our opinion, this position is sound and must be sustained.

Prior to the procedural rules, it was well settled by decisional law that if an alias writ of summons was issued after the limitation period of the issuance of the original, it was barred.

In Mayo v. James Lees & Sons Co., 326 Pa. 341, 342, the court stated:

"Where a writ, which is obtained within the statutory period and delivered to the Sheriff for service in due time, is returned *nihil habet* or *non est inventus*, the law considers Plaintiff as having been diligent and treats his conduct as tolling the statute. Accordingly, the rule has been established by this court that he may have a subsequent writ issued *within the statutory period* commencing from the impetration of the unserved writ; this will keep the cause of action alive: *McClurg v Fryer & Anderson, 15 Pa. 293; Bovaird & Seyfang Mfg. Co. v Ferguson, 215 Pa. 235.* (Italics supplied.) But if the subsequent writ is issued later than the statutory period . . . computed from the impetration of the prior writ, the former is ineffective and the action is barred: Rees v. Clark, 213 Pa. 617; Prettyman v Irwin, 273 Pa. 522."

In Rees v. Clark, 213 Pa. 617, 620, the Supreme Court said:

"If we have any regard to the principle upon which the statute of limitations is founded, we must hold that it is not sufficient for a plaintiff to bring his action and then remain inactive for an indefinite period. As the Legislature has prescribed the term for the commencement of a suit, to bar the statute, we are of the opinion that both reason and authority require that in order to continue the action and prevent the defendant from claiming the protection of the statute, an alias writ should be issued within a like period from the date of the original summons."

The same rule applies to the time of reissuance of a writ of summons under the procedural rules, viz., it must be reissued within the statutory period which limits the original writ: Goodrich-Amram, Civil Practice, comment on rule 1010(b)1. The procedure as to writs of summons is adopted by the rules for foreign

attachment (Pa. R. C. P. 1254), and for fraudulent debtor's attachment rule 1285.

Plaintiff contends that the defense of the statute of limitations is raised too late, i.e., that it should have been included in the preliminary objections to the original writ.

This contention ignores the fact that it is not the original writ to which the preliminary objections were filed. It is the alias writ that is being now challenged by the garnishee as having been issued too late. The garnishee could hardly have objected preliminarily to a writ not yet issued.

It might be contended that the delay in issuing the alias writ should have been raised by affirmative defense rather than by motion to quash: Quaker City, etc., Company v. Delhi-Warnock Building Association, 357 Pa. 307. Plaintiff has not raised this point so it may be assumed that it is waived. Even if it had been raised, however, we are of the opinion that the present case comes within the rule that where time is made the essence of a right created and there is no right of action except within the time limitation, the statute of limitation need not be pleaded as a defense, but may be taken advantage of on demurrer or the statutory equivalent: Commonwealth ex rel. Fenton Storage Co. v. McClane, 154 Pa. Superior Ct. 246; Ambers v. Girondo, 69 D. & C. 15, 19. That is what was done in the present case.

We are of the opinion, therefore, that the motion to quash the alias writ of attachment must be granted, or, more properly, the preliminary objections represented by those motions must be sustained, for the reason that the alias writ was issued (i.e., the writ was reissued) more than six months after the issuance of the original.

It should be noted, however, that the alias attach-

ment is challenged only by Max K. Altman. Hence it may be quashed only as to him.

Accordingly, it is ordered that:

1. The preliminary objections nos. 1, 2, 3 and 4, filed February 4, 1955, by Max K. Altman and Irvin E. Altman to the original writ of attachment are sustained, and the original attachment is dissolved as to Max K. Altman and Irvin E. Altman.

2. Preliminary objection no. 5 to the original writ of attachment, wherein it is moved that the judgment against defendant, Howard Routman, be stricken from the record, is overruled. The said judgment, while not a personal judgment, remains of record, without prejudice to the right of Howard Routman to move to strike it off on the ground that nothing was attached by the original attachment.

3. Plaintiff's preliminary objections nos. 1 to 8, inclusive, filed June 6, 1955, to garnishee's (Max K. Altman) motion to dissolve and quash the alias writ of fraudulent debtor's attachment, are overruled.

4. Plaintiff's preliminary objection no. 9, filed June 6, 1955, setting forth that the alias writ of attachment is binding upon Irvin E. Altman, individually, and Max K. Altman and Irvin E. Altman, a partnership, doing business as Altman's Men's Store, because not challenged by those parties, is sustained, without prejudice to any right which those parties may still have to challenge said alias writ.

5. The motion filed May 23, 1955, by Max K. Altman, to dissolve and quash the alias writ of fraudulent debtor's attachment is considered as preliminary objections to the alias writ; the preliminary objections are sustained as to Max K. Altman, garnishee, the alias writ of attachment as to Max K. Altman, garnishee, is dissolved, and judgment of non pros is directed to be entered in favor of Max K. Altman, garnishee, against plaintiff.