## Markloff v. Miller

*James Fitzcharles, III,* for plaintiff.

*Frederick T. Bebbington,* for defendants.

BIESTER, P. J., January 6, 1956.—In this proceeding in foreign attachment, defendants appeared specially and have filed preliminary objections, 1 through 5, raising jurisdictional questions and, 6 through 9, under the heading of demurrer, attacking the complaint, averring that it does not set forth a good cause of action as to two of the three alternative counts thereof.

Plaintiff, in turn, has filed preliminary objections to defendants' preliminary objections and it is the validity of the former which is now before us. Our problem involves the construction of Pa. R. C. P. 1271 which provides as follows:

"The defense of immunity or exemption of property from attachment and the defense that no property of the defendant was in the possession of the garnishee at the time of service of the attachment, may be raised by the defendant without thereby subjecting himself to the jurisdiction of the court

"(1) by preliminary objection under Rule 1017(b) (1), or

"(2) by a petition to open judgment, filed at any time before the garnishee files his answer to interrogatories."

The jurisdictional questions raised by defendants are not amongst those enumerated in the rule, but are directed toward alleged defects in the sheriff's service. This being so, plaintiff contends that by the filing of the jurisdiction objections and the demurrer, defendants have submitted themselves to the court's jurisdiction and, therefore, the jurisdictional question becomes moot.

This position receives some support from the comment under the rule found in volume 3 of Anderson

Pennsylvania Civil Procedure, page 108 pocket parts, in which it is said:

"If the preliminary objections of the defendant are limited to attacking the jurisdiction as authorized by Rule 1017(b)(1), and the preliminary objection of immunity and exemption of property, and no property possessed by garnishee, the defendant does not subject himself to the jurisdiction of the court by the filing of the preliminary objections. If however, he files any other kind of preliminary objection, as well as any other pleading, he will be deemed to have appeared in the action, and the action will proceed as to him as an in personam action."

Although this comment is not unambiguous, if it be construed to mean that a defendant in an attachment proceeding may attack only the jurisdictional questions of immunity, exemption or absence of property and no other pleading, without subjecting himself to the jurisdiction of the court, we must disagree.

Pa. R. C. P. 1271 appears to us to be limited in its effect to those situations specifically enumerated therein and conforms to the case law prior to the adoption of the rule: Smith v. Eyre, 149 Pa. 272, 274; Pottash et al. v. Albany Oil Co., 274 Pa. 384; Glenny v. Boyd, 26 Pa. Superior Ct. 380, 384.

Under the commentary of Goodrich-Amram Civil Practice discussing rule 1271, a proper interpretation of this rule is, in our view, set forth as follows:

"There are, of course, other 'jurisdictional questions' than immunity, exemption or absence of property. The venue may have been improperly laid; the praecipe and writ may be defective; the service on the garnishees may have been invalid or the sheriff's return improper; the alleged manual seizure of the property may have been defective; the defendant may not be a non-resident. It is quite normal to consider attacks on the venue, process, service and return as 'jurisdic-

tional'. Special appearances to raise these questions have historic sanction.

"Although Rule 1271 is silent with respect to these matters, it seems clear that, under general principles, the defendant should have the right to attack these matters under the protection of a special appearance. If authority is needed, it can be found through the Conformity Rule, since such questions can be raised specially under the assumpsit practice which is incorporated 'except as otherwise provided'. There is certainly nothing in these Rules inconsistent with such right in the defendant."

Since the present preliminary objections are not those contemplated by rule 1271 they must conform to the general practice of proceedings in assumpsit. It is perfectly clear that defendant, under our modern rules of procedure, must raise all of his preliminary objections in one pleading, for the whole concept of the rules is that dilatory actions be limited to a single step. This procedure not only compels the joinder of all preliminary objections in one proceeding, but does away with the common law rule that any proceeding to the merits is a waiver of objections to jurisdiction over the person, this rule being modified to the extent that defendant may join jurisdictional objections with other objections, which may be raised by preliminary objections, without the penalty of waiver. Therefore, it is our view that in the instant case, defendants have not waived the jurisdictional question, by raising jurisdictional questions other than those enumerated in rule 1271 or by the joinder of the demurrer therewith.

Now, therefore, we make the following

### *Order*

And now, to wit, January 6, 1956, plaintiff's preliminary objections to defendants' preliminary objections are herewith overruled and dismissed.