# City of Erie *versus* Knapp.

A municipal corporation cannot be made garnishee, either in foreign or execution attachment.

ERROR to the Court of Common Pleas of *Erie county.*

The defendant in error obtained judgment against M. W. Keith, to whom the city of Erie, a municipal corporation, was indebted, and issued an execution attachment under the Act of 16th June, 1836, upon his judgment, and attached "goods, chattels, rights, credits, and moneys of defendant in the hands of the city of Erie." The sole question in the case, so far as plaintiff in error was concerned, was whether it was liable to be made garnishee. The court below, GALBRAITH, P., decided that it was, and sustained the attachment, which decision was the error here complained of.

*Babbitt,* for plaintiff in error.—To hold municipal corporations liable to be made garnishees in attachment would cause much inconvenience, and be greatly injurious to public interests. These corporations are created exclusively to promote the peace, good order, and benefit of populous towns, and not for trading or incurring liabilities, beyond what is absolutely necessary to carry out the great objects for which they are instituted; and the attention of the municipal authorities ought not to be diverted from their legitimate public purposes, to the details of litigated claims between individuals.

Neither the board of school directors, county or state treasurer,

[City of Erie *v.* Knapp.]

or municipal bodies can be subjected to the levying of an attachment: Buckley *v.* Eckert, 3 *Barr* 368; 1 *T. & H. Prac.* 787; Keely *v.* Murray, *D. C., Nov.* 22, 1851; *Pamph L.* 1845, p. 189, § 4.

*Gunnison,* for defendant in error, referred to *Purd. Dig.* 333, § 28. No class of debtors, depositaries, or bailees are exempted from this process. The object of the law could not be attained if any class were exempt. If so, the defendant would place his means in the hands of the exempted party, and thus render the law useless. The Act of 20th March, 1845, does not have the effect claimed for it. The judgment is not *against* the corporation. It is against Keith, and we only seek to get possession of defendant's money in the hands of the corporation. If the judgment was against the corporation, the act only provides that the money of the corporation cannot be attached in the hands of a third person, not that the corporation shall not be made a garnishee on a judgment against such third person.

In Heibner *v.* Chave, 5 *Barr* 15, it was held by the court below that a debt due Chave for grading the streets could not be attached in the hands of the borough. The Supreme Court reversed this judgment, and directed judgment to be entered against the borough for the amount due the contractor.

*Babbitt,* in reply.—In Heibner *v.* Chave the question here in issue was not before the court. The questions there were: 1st. Whether the attachment could regularly be issued by the justice without a *sci. fa.* 2d. Whether the funds were liable to be attached —being the *wages of labor.*

The opinion of the court was delivered November 3, 1857, by

KNOX, J.—The only question raised upon this record is whether a municipal corporation may be made a garnishee upon an execution attachment under the Act of 16th June, 1836. This question received an affirmative answer in the court below. But the answer was erroneous. It was long since settled, that an attachment would not lie against a sheriff or prothonotary who holds money collected on an execution or paid on a judgment. And where an attempt was made to attach money due to a school teacher, in the hands of the treasurer of the school directors, Mr. Justice SERGEANT, in denying the validity of the attachment, said, "If a precedent of this kind were set, there seems no reason why the state or county treasurers, or other fiscal officers of the Commonwealth, or of municipal bodies may not be subject to the levying of attachments, which has never been attempted, nor supposed to come within the attachment law:" Buckley *v.* Eckel *et al.,* 3 *Barr* 368.

An execution attachment is often substantially but the com-

[City of Erie *v.* Knapp.]

mencement of the suit; and it always imposes upon the garnishee duties and obligations of a somewhat difficult character to perform. He must appear to the writ and answer the interrogatories propounded. He may not pay the money to the original creditor after notice of the attachment, nor can he safely pay it to the attaching creditor pending the litigation. If the debt has been assigned with notice to the garnishee before the attachment, he must either notify the assignee of the attachment, or plead the assignment in bar of the attachment; and if he is summoned by foreign attachment, he cannot even after judgment safely pay the debt to the attaching creditor, until bail to return has been duly given.

The performance of public duties is sufficiently difficult on the part of fiscal officers, without further complicating them by requiring such officers to become parties to questions and rights litigated in our courts of justice.

That the Act of 16th June, 1836, was not intended to extend to municipal corporations, is clear from the fact, that when a judgment is obtained against a garnishee for a debt owing by him to the defendant in the attachment, a common law execution is the remedy provided to enforce payment of the judgment: whereas a mandatory writ under the Act of 15th April, 1834, alone can issue against a municipal corporation. Accordingly, when it was provided by the Act of 20th March, 1845, *P. L.* 189, " that so much of the Act of Assembly, passed 16th June, 1836, entitled ' An act relating to executions,' as provides for the levy and recovery of stock, deposits, and debts due to defendants by process of attachment, and *scire facias,* is hereby extended to all cases of attachments to be issued on judgments against corporations," municipal corporations were expressly excluded from the operation of the act.

It was said upon the argument, that an attachment against a municipal corporation had been sustained in Heibner *v.* Chave *et al.,* 5 *Barr* 115. True, this was an attachment against the borough of Norristown; but no question was raised as to the liability of the borough to be summoned as garnishee. Two points were made in the Common Pleas: 1st. That the execution attachment could not issue without a revival of the judgment; and 2d. That the debt due to the defendant was for labor, and therefore not attachable. The first point was decided in favor of the attaching creditor, and the second against him. In the Supreme Court the judgment was reversed because the debt was held not to fall within the saving provision of the Act of 15th April, 1845, which prohibits the attachment of wages due to a laborer. Had the defendant or the garnishee raised the question now presented, it would doubtless have been decided against the attaching creditor.

The judgment of the Court of Common Pleas is reversed, the attachment set aside, and judgment in favor of the city of Erie, garnishee, &c., for costs.