# King, Brown & Co. *versus* Hyatt.

*Attachment in Execution.—Debt payable in Municipal Bonds, may be attached.—Form of Judgment.*

1. A debt due to the defendant in a judgment, and payable in the bonds of a municipal corporation, is liable to be seized on an attachment-execution, and the bonds are a proper subject of sale under such a process.

2. Where one obtained judgment against a firm, issued an attachment thereon, and attached in the hands of another firm, a debt payable in city bonds, due by them to one of the firm, defendants, and the court entered judgment upon the answers of the garnishees, with leave to the plaintiff to

have execution against them for the debt, interest, and costs, and directed the sheriff to demand of them so many of the bonds, as would at their assessed value satisfy the judgment and the costs, but if the garnishees failed to deliver the bonds, then to levy the amount from their own goods and lands, the proceedings under the attachment were proper, and the entry of the judgment thereon was not erroneous.

ERROR to the Common Pleas of *Erie* county.

This was a proceeding under the Act of Assembly authorizing attachment-executions, in which, at the suit of W. W. Hyatt, King, Brown & Co. and others were summoned as garnishees of Pardon Sennett, M. R. Barr, C. Brown, Jr., and J. J. Findley, partners doing business as Sennett, Barr & Co.

The material facts of the case were as follows:—King, Brown & Co. were large contractors on the Sunbury and Erie Railroad. By the terms of their contract they were to take of the railroad company about $300,000 of the bonds of the city of Erie, which bonds were issued by the said city in payment of a subscription made by it to the capital stock of said railroad company.

M. R. Barr was a sub-contractor, under King, Brown & Co., on said railroad, and by the terms of his contract with King, Brown & Co. he was to take a certain part of the amount of his work in the municipal bonds of the city of Erie. At the time of the service of the execution attachment on King, Brown & Co., they held about $2000 of the said municipal bonds of the city of Erie, belonging to the said M. R. Barr, for his work done on said sub-contract. Hyatt put interrogatories to King, Brown & Co., who answered that they owed M. R. Barr about $2150, payable in bonds of the city of Erie at par, and that they owed Sennett, Barr & Co. nothing. The other garnishees answered that they were indebted to Sennett and to Barr, who were members of the firm. As to all the garnishees but King, Brown & Co., the attachment was dissolved on the application of Sennett, Barr & Co. The court below entered judgment against King, Brown & Co., upon their answer as garnishees of Sennett, Barr & Co., in the words following, to wit: "Judgment entered against King, Brown & Co., garnishees, upon their answer, for $2150, par value of said bonds of the city of Erie (issued to the Sunbury and Erie Railroad Company), of the value of $1290; and that said plaintiff should have leave to take out execution against the said King, Brown & Co. for so much of the debt due by King, Brown & Co. to the said defendants, and attached in the hands of said King, Brown & Co., as may satisfy the judgment of the said plaintiff against the said Sennett, Barr & Co., with interest and costs, with the order and direction to the sheriff to demand of King, Brown & Co. as many of said bonds as will satisfy (at the rate of sixty per centum of par value as found by the jury) the debt, interest, and costs adjudged to said plaintiff, and for any fraction of said sum so adjudged not equal

[King, Brown & Co. *v.* Hyatt.]

to the cash value of one of said bonds; that the sheriff being supplied with the necessary amount of money by the plaintiff, pay in money to the said King, Brown & Co., on their delivery to the sheriff, a sufficient amount of said bonds to satisfy, at the rate aforesaid, said debt, interest, and costs, any fractional amount that a bond at that rate may exceed said debt, interest, and costs, and if the said King, Brown & Co. refuse or neglect, on demand of the sheriff, to deliver said bonds as aforesaid, then to levy said debt, interest, and costs of the goods and lands of the said King, Brown & Co., according to law as in case of judgment against them for their own proper debt, and that said King, Brown & Co. be thereupon discharged as against said defendants, Sennett, Barr & Co., for the sum so attached and levied of the debt in their hands."

The error assigned here by the defendants, by whom this writ was taken, was the entry of the judgment against them in the manner and form in which it was done by the court below.

*James C. Marshall,* for plaintiffs in error, argued—1. That the municipal bonds, against the city of Erie, in the hands of King, Brown & Co., belonging to M. R. Barr, constituted no indebtedness from King, Brown & Co. to Sennett, Barr & Co., they being mere stakeholders. 2. That the delivery of said bonds by King, Brown & Co. to the sheriff, in pursuance of said judgment, would be no discharge of King, Brown & Co. from their liability to M. R. Barr for said bonds. 3. That the municipal bonds of the city of Erie, belonging to M. R. Barr, and in the hands of plaintiffs in error, are not the subject of levy and sale upon an execution: citing the Act of June 16th 1836, §§ 35, 37, 38, 58, and 59; Rhodes *v.* Megonegal, 2 Barr 39; Raguel *v.* McConnel, 1 Casey 362.

*Gunnison* and *McCreary,* for defendant in error, argued—1. The court were right in entering judgment against King, Brown & Co., as garnishees of Sennett, Barr & Co., because they answered that they *owe* M. R. Barr, one of the firm of Sennett, Barr & Co.: Caignett *v.* Gilbaud *et al.,* 2 Yeates 35. 2. The judgment was correctly entered, because it was entered payable, specifically as garnishees declare the debt to be payable. Sennett, Barr & Co., the defendants in the judgment upon which the attachment was issued, were parties to the attachment, and were served and appeared, including M. R. Barr, and were bound by it. Having been entered for the amount they say is due and payable as they say the debt is payable, there can be no grievance for which plaintiff in error can maintain this writ. They set out no grievance, except that M. R. Barr is not bound by the judgment, and that therefore payment by King, Brown & Co. of the judgment would be no discharge from the liability to M. R. Barr. If M.

[King, Brown & Co. *v.* Hyatt.]

R. Barr is bound by the judgment, they cannot be injured, are therefore not aggrieved, and have no right to sue out this writ: Purd. Dig. 311, § 1. The judgment in this case would be a bar to M. R. Barr's claim upon plaintiffs in error to such amount as would be required to satisfy the judgment in this case: Updegraff *v.* Spring, 11 S. & R. 188. See also Myers *v.* Baltzell, 1 Wright 491. The attachment operated as a legal transfer of M. R. Barr's claim against King, Brown & Co., to the plaintiff in the attachment, and if the debt were payable specifically in property, stock, or bonds, and not in money, then the money value of the thing to be paid should be fixed by a jury. The money value of the bonds due from King, Brown & Co. to M. R. Barr, on the debt attached, was fixed by a jury in an issue to which all the parties to the attachment, the plaintiff, defendants, and garnishees, were parties, and to which valuation no one objects. Whether a bond or note can be levied on and sold by the sheriff or not, makes no difference in this case, because the judgment fixes the value of bonds, at which the attaching creditor will take them without a sale. There is no statute law prohibiting the sale of the bonds or stock of a state or city on an execution, and there is no reason why such bonds as the debt attached is payable in, should not be liable to levy and sale on execution. Such bonds have a well-known value in market, the same as stocks, and would sell on execution at a less sacrifice than goods and chattels; while "notes or bonds" of individuals not having a known market value, if sold on execution, might lead to great inconvenience or sacrifice. Beside this, a city cannot be made a garnishee, either in a foreign or execution attachment: City of Erie *v.* Knapp, 5 Casey 173; while individuals can be in either. The evidence shows that plaintiffs in error *owed* Barr a debt which was *payable* in bonds; and it would be as logical to contend in case plaintiff in error owed Barr $2150, payable in wheat at $2 per bushel, that therefore they had the necessary amount of wheat in their hands belonging to Barr, and that it could be levied upon by execution against Barr; and had plaintiffs in error held such an amount of wheat, we would have had a right to attach it, and apply it on our debt at such a value as a jury might fix upon it. The subject attached in this case was a debt, which is what the statute provides may be attached, and the judgment works no injustice to any one, but will secure the payment of the debts of the defendants and garnishees. The defendants in the judgment, Sennett, Barr & Co., are satisfied with this judgment, and expected and intended the claim due from plaintiffs in error to pay it. On their own motion, the court granted an order dissolving the attachment as to all other claims, including a claim payable in money. The plaintiffs therefore in error not being in any way *aggrieved* by the judgment, cannot interfere with it, nor ought they to maintain this writ.

[King, Brown & Co. *v.* Hyatt.]

The opinion of the court was delivered, January 6th 1862, by
LOWRIE, C. J.—By the very terms of the Execution Act of
1836, all debts due to the defendant in a judgment are liable to
seizure by means of an attachment execution, in order to satisfy
the judgment. This is the *law* of the case, and even if the *reme-
dies* expressly provided for its enforcement do not in strictness
apply to all the forms in which debts exist, yet the *law* does not,
on that account, fail as to any debts, if any existing remedies
can be moulded into fitness in reasonable accordance with analo-
gous practice. This is easily done in the present instance.

Ordinarily the debt is seized by serving the writ on the debtor
as garnishee; for ordinarily this is the only efficient way of reach-
ing it, and for this an express remedy is provided, because it was
too obvious to be overlooked; *ad ea quæ frequentius accidunt,
jura adaptantur.* But debts due by the state and federal and
subordinate governments cannot be reached in this way, because
the government cannot be brought into court as garnishee. And,
for another reason, such a remedy would be of very uncertain
efficiency. Such debts are usually payable after very long periods,
or at the pleasure of government after such periods, and of course
could not be collected from the debtor before the period should
elapse.

Let us consider their nature. Like corporation stocks, they
are permanent investments; certificates or bonds are the written
titles of them; they are transferrable by simple assignment, or
by delivery; they are subjects of sale privately or in open mar-
ket; they are a regular article of commerce at the stock board,
the possession of the certificates or bonds is *primâ facie* evidence
of ownership, and thus these become themselves articles of trade,
and run from hand to hand with such facility that no attachment
served on the debtor is likely to arrest them. They are, there-
fore, more like stocks than like ordinary debts. Yet as debts
they are liable to be attached, and as " effects belonging to the
defendant," they are arrested by the attachment-execution in
the hands of the garnishee (§ 37), because he holds the title
papers of them.

But, because they are more like stocks than like ordinary
debts, and because the remedy for them as ordinary debts is
almost totally inefficient, it is proper to treat them, for the pur-
poses of remedy, as stocks, and to require the sale of them for
the payment of the plaintiff's judgment, just as stocks are sold
in such a proceeding. We do not thus make them saleable by
mere virtue of the judgment, for they are already so by their
nature and by common custom.

The judgment in this case might have been more simple, to
wit: for the amount due to plaintiff and costs (stating the amount),
to be levied of the bonds of the city of Erie belonging to the
defendant Barr, in the hands of the garnishees, amounting to

the sum of $2150, and in default of the delivery thereof to the sheriff on the presentation of the execution for the sale thereof, then to be levied of the proper goods, chattels, and effects of the said garnishees, &c. But the judgment as entered is substantially thus, and we need not amend it.

Judgment affirmed.