## Charles B. Scott Company v. Guzzi, etc.

*Joseph F. Tedesco*, for petitioner.
*William B. Landis*, contra.

LEWIS, J., October 20, 1937.—This is a motion to quash a fraudulent debtor's attachment under the Act of March 17, 1869, P. L. 8, in assumpsit, issued by Charles B. Scott

Company against Louis Guzzi, trading as the Keystone Electric Company. The Borough of Old Forge was summoned as garnishee. Defendant has obtained a rule to show cause why the attachment in the above case should not be quashed, and among the reasons assigned for such rule is the following:

"That the Borough of Old Forge is a municipal corporation of Lackawanna County, Pennsylvania, and the petitioner is informed that a municipal corporation cannot lawfully be made a garnishee in attachment proceedings".

There is no doubt this is the rule in Pennsylvania. In the early case of Bulkley v. Eckert et al., 3 Pa. 368, 369, it is held:

"Great public inconvenience would ensue, if money could be thus arrested in the hands of officers, and they be made liable to all the delay; embarrassment, and trouble that would ensue, from being stopped in the routine of their business, compelled to appear in court, employ counsel, and answer interrogatories, as well as take care that the proceedings are regularly carried on, and bail to return duly given. If a precedent of this kind were set, there seems no reason why the state or county treasurers, or other fiscal officers of the Commonwealth, or of municipal bodies, may not be subjected to the levying of attachments, which has never been attempted nor supposed to come within the attachment law."

A like ruling is made in the case of City of Erie v. Knapp, 29 Pa. 173.

It is to be noted that the petition upon which the present motion is founded was obtained by defendant. Counsel in his brief raises the question that defendant has no standing in such a rule, and cites the case of Tatem v. Dobbs, 24 Dist. R. 30. Upon examination of this case it can be readily seen that it does not apply, for the reason that the petition was granted in behalf of a creditor of the borough and not by defendant. It was aptly stated in said opinion:

"The rule to quash was granted on the petition of J. Leslie Galloway, who claims to be a creditor of the Borough of Prospect Park. His grievance is that the borough will not pay him for fear of this attachment execution against John L. Galloway. Clearly, if the borough had applied to have the attachment quashed, the application would have to be granted. May this be done at the instance of a person who is not a party to the record, but who claims to be the owner of the moneys which the plaintiffs seek to attach as the property of the defendant?"

Hence, it can be readily seen that petitioner, who was a stranger to the record, had no standing to make such an application. In the instant case it is defendant himself, who is an interested party and a party to the record, who makes this application, and as such party he has a standing in court. The Supreme Court, in the case of Steel et al. v. Goodwin et al., 113 Pa. 288, 292, said:

"The power of quashing writs is limited to proceedings that are irregular, defective, or improper: Crawford v. Stewart, 38 Pa. St., 34. If it appears on the face of the record that the proceedings are void, or grossly irregular, or where it is clearly shown that a valid cause of action in this form does not exist, the Court may, on motion of the defendant or of the garnishees in his behalf, quash the writ."

In a recent case of Tannahill v. Gilmore et al., decided on August 19, 1934, this court quashed a foreign attachment for that very reason.

For the reasons set forth, we have concluded that the writ of attachment issued in the instant case must be quashed. Hence, we will make the following

*Order*

Now, October 20, 1937, the fraudulent debtor's attachment issued in this case is dismissed and the writ is quashed.