**Frantz Equipment Company v. The Leo Butler Co.**

*H. Harry N. Ball,* for plaintiff.

*M. McHugh,* for defendant.

*G. C. Farrier* and *F. F. Truscott,* for City of Philadelphia, garnishee.

SMITH, P. J., March 31, 1949.—This matter comes before the court on a petition, answer, and rule to show cause why writ of foreign attachment, where the City of Philadelphia is named as the garnishee, should not be quashed.

The foreign attachment was brought against the Leo Butler Company, a Maryland corporation, by plaintiff, a Pennsylvania corporation, for certain machinery and equipment sold and delivered. The averment in the petition of the city is to the effect that it is a municipal corporation of the first class and not subject to a writ of attachment with respect to debts or property of any entity in its hands. The answer of defendant is to the effect that defendant company entered into a contract with the City of Philadelphia, acting by its Department of Public Works, for the construction of Central Schuylkill Pumping Station substructure and river syphon, and that the said contract covers work of a private rather than sovereign character, and that therefore, the monies due defendant by the city are not exempt from garnishment.

It seems to the court that it must be admitted that a department of public works constitutes an integral,

essential and component part of the municipal government, and that any public service contract made by, through or for that department by the city, is an act by the municipality itself and not a private contract made by or for the subdivision of the city government. To hold otherwise would be to assert that any contract made by or for the benefit of any department of a municipal government in its administrative capacity would be a private contract. A pumping station is just as essential to the necessary operation of a city and as much a part of the municipal government as the paving of its streets, the purchase of fire equipment, the building of sewers, water lines, reservoirs and other work done and services performed for the welfare of the citizens of that municipality. To assert that each department of a municipal government or a subdivision thereof is a separate business entity, and not an essential and integral part of the municipal government, seems to us to be entirely without merit. A municipality cannot be made a garnishee in attachment proceedings. This matter has been ruled by the case of City of Erie v. Knapp, 29 Pa. 173, 175, where Knox, J., said: "That the Act of 16th June, 1836, was not intended to extend to municipal corporations . . ." This case has never been altered or reversed. It has been followed by a number of county court opinions: Van Volkenburg v. Earley, 1 Kulp 216; Schwartz v. Kyner, 30 Pitts. L. J. 495; Davis v. Henry, 32 Pa. C. C. 32; Evancho v. Ozimee, 46 York 135; Eagle Indemnity Co. v. Erie City, 17 Erie 185; Greer v. Rowley, 1 Pitts. L. J. 3.,

## Order

And now, to wit, March 31, 1949, it is ordered and decreed that the writ of foreign attachment, as against the City of Philadelphia, is quashed.