## Wood Refrigerating Co. v. Preston

*Wallace E. Edgecombe*, for plaintiff.

*J. Frank McKenna, Jr.*, City Solicitor, and *Robert Engel*, Assistant City Solicitor, for garnishee.

NIXON, J., April 10, 1956.—Plaintiff, a judgment creditor of the above-named defendant, has instituted attachment execution and served interrogatories upon the city, seeking to attach funds in its hands allegedly owing to defendant under a contract for the supplying

of meat to the city's zoo at Highland Park. Garnishee has raised preliminary objections, claiming that as a municipal corporation and political subdivision of the Commonwealth it is not subject to attachment proceedings. By answer, plaintiff has raised two points of law: (1) Is the city subject to attachment in its nongovernmental functions, and (2) is the operation of the public zoo a nongovernmental function. The question before us is whether the attachment should be dissolved or whether it should be continued and garnishee directed to answer the interrogatories.

It has long been the settled rule in Pennsylvania that a municipal corporation cannot be made garnishee, either in foreign or execution attachment. That principle was clearly set forth by the Supreme Court nearly a hundred years ago in City of Erie v. Knapp, 29 Pa. 173 (1857). This case and others antedating it have never been reversed or altered, but have been followed repeatedly by the courts of common pleas, e.g., Charles B. Scott Co. v. Guzzi, etc., 30 D. & C. 608 (1937). The reason supporting this sound rule is obvious; it would be greatly injurious to the public interest to hold municipalities and their officers liable to garnishment and subject them to the delay, annoyance and expense involved in attachment proceedings. It is no exaggeration that to require a city, especially one as large as Pittsburgh, to act as a "collection agency" would constitute continual and serious interference with the public purpose for which it exists.

However, plaintiff argues that the city is immune from attachment execution only when it is operating in a governmental, and not merely a proprietary, capacity. The only authorities in support of this theory are several suggestions to that effect in Standard Pennsylvania Practice. We point out also that there is some confusion, and even legal authorities have nodded at times, as to the notion of municipal liability

depending upon governmental or proprietary functions. The doctrine is one of tort law, and has no application to the present case. It is nothing more than an exception to the rule of respondeat superior, and when properly stated provides that "a municipality is not liable for the negligent act of its servants when done in the performance of governmental services." There is no legal or logical reason for predicating municipal liability in attachment, in assumpsit or in any civil proceeding save trespass, upon the distinction between governmental and proprietary functions.

In addition, to engraft the exception plaintiff seeks on the rule of immunity from attachment execution would be far more onerous than if the immunity were abolished completely, and it would thereby defeat entirely the public policy behind the rule; for then the municipality would not only have to appear and answer, but it would involve also an investigation and a legal determination in each case of whether the funds owing to the judgment debtor were attributable to governmental or proprietary activities.

Plaintiff has cited Commonwealth ex rel. v. Caughey, 99 Pitts. L. J. 47 (1950, County Court), where it was held that the wages of a municipal employe could be attached in the hands of the City of Pittsburgh on a judgment for arrearages on a support order. However, that case in no way supports plaintiff's position. As we have discussed above, the reason for municipal immunity from attachment is one of public policy. This policy is completely counterbalanced by the obvious rationale of the Caughey case and others similar to it, namely that the shield of public immunity will not be raised to protect even indirectly one who neglects his most fundamental obligations and who would, in effect, make public charges of his wife and children by his refusal to support them. No similar considerations, equitable or legal, exist in the claim of an ordinary judgment creditor.

We must conclude that our long settled rule, that a municipality cannot be made garnishee in attachment proceedings, is not subject to any exceptions based on the reason why the funds are in the city's hands. Accordingly the attachment will be dissolved.

### Order

And now, April 10, 1956, it is ordered that the attachment at no. 311, July term, 1954, be and the same is hereby dissolved, absolutely. It is further ordered that the interrogatories be stricken off, and that judgment be entered in favor of garnishee, City of Pittsburgh.

Plaintiff to pay costs.

Eo die, exception noted to plaintiff, and bill sealed.