## A. Newton Bugbee, Inc. v. Carl E. Widell & Son

*E. Drummond King, Snyder, Doll, Schantz & King,* for plaintiff.

*William G. Malkames,* for defendant.

*Harry A. Kitey,* for garnishee.

WIEAND, J., March 25, 1969.—Carl E. Widell & Son, a New Jersey corporation (hereinafter referred to as "Widell"), is the prime contractor for the purpose of constructing a sewage treatment plant in the

City of Allentown. A. Newton Bugbee, Inc., a Pennsylvania corporation (hereinafter referred to as "Bugbee"), is a subcontractor. As a result of various contractual differences, Bugbee instituted an action in assumpsit to recover the sum of $109,846.04, allegedly owed by Widell. In support of that action, a writ of foreign attachment, naming the City of Allentown as garnishee, was issued against "all funds and retainages in the possession or under the control of the City of Allentown due and owing or to become due and owing to the defendant, Carl E. Widell and Son, a New Jersey Corporation, by virtue of the performance of any and all work by the defendant for the Allentown Authority in connection with the Kline's Island Sewerage Treatment Plant Project or otherwise." Widell filed a preliminary objection in the nature of a motion to strike, in which the City of Allentown joined, alleging that foreign attachment will not lie against a municipality. It is this issue which, following argument, must be determined by the court.

As a general rule, neither the United States nor the Commonwealth of Pennsylvania or its political subdivisions can be summoned as garnishees in any action without statutory authorization, consent, or waiver: 6 Am. Jur. 2d, §78; 10 Standard Pa. Pract. §94. See also Central Contracting Company v. C. E. Youngdahl & Company, Inc., 418 Pa. 122. This rule has been applied by the courts of this State to prohibit the attachment of properties in the hands of municipalities: City of Erie v. Knapp, 29 Pa. 173; Commonwealth v. Mooney, 172 Pa. Superior Ct. 30; Charles B. Scott Co. v. Guzzi, 30 D. & C. 608, 51 York 139; Wood Refrigerating Co. v. Preston, 7 D. & C. 2d 648. The reason for the rule is that as a matter of public policy the government should be free from the annoyance and uncertainty arising out of

disputes between individuals entitled to payments from public funds and others claiming a right therein by attachment: City of Erie v. Knapp, supra; Commonwealth v. Mooney, supra.

Plaintiff argues that recent decisions have limited the so-called general rule and have questioned the validity of the reason given for it. Counsel calls our attention to Central Contracting Company v. C. E. Youngdahl & Company, Inc., supra, where an attachment against a housing authority was sustained, and to In the Matter of Condemnation of Better Days Urban Renewal Project, 42 D. & C. 2d 632, where it was held that a city redevelopment authority was not immune from attachment. These cases have refused to expand the doctrine of governmental immunity to certain municipal authorities. No decisions have been called to our attention, however, wherein the application of the general rule to municipalities has been denied. Nor has our own research disclosed any. Until such time as the rule is altered by the appellate courts, we are obliged to acknowledge and apply the same to those cases which come before us.

Plaintiff argues further that its attachment was intended to reach only those moneys which were payable to Widell by the Allentown authority. The reason for naming the city and not the authority as garnishee does not appear. That which does appear clearly is that the attachment was directed to and served upon the city, which is immune from such proceedings. Therefore, we perceive in plaintiff's argument no reason for refusing to accept and enforce that immunity.

Any reluctance to enforce the general rule because of the possibility that a just debt may not otherwise be collected has no place in this litigation. Here, the payment of subcontractors and materialmen is secured by a labor and materials bond, with corporate surety, in an amount substantially in excess of Bugbee's

claim. It was for this reason that Bugbee caused the surety to be named as a codefendant in its action of assumpsit against Widell. It is quite probable, therefore, that the greatest value of a foreign attachment proceeding, if it were allowed, would lie in the harassing effect it could have upon Widell and upon the city.

## ORDER

And now, March 25, 1969, it is ordered that defendant's preliminary objection in the nature of a motion to strike be and the same is hereby sustained, and the writ of foreign attachment issued to the City of Allentown as garnishee is stricken.