## Krumins Roofing & Siding Co., Inc. v. Hidden Valley Development Corp.

*Thomas E. Coval,* for plaintiff.

*Emil F. Toften,* for garnishee Bensalem Township.

BECKERT, *J.,* May 9, 1983—Krumins Roofing & Siding Co., Inc. (plaintiff) entered into a contract with Hidden Valley Development Corporation and Sunrise Construction Company, Inc. (defendants) for the purpose of supplying certain labor and materials at a development to be built by the defendants

in Bensalem Township, Bucks County, Pa. Plaintiff performed its work in accordance with the contract but did not receive full payment therefor. As a result of this default, plaintiff instituted suit against defendants and obtained a judgment against them in the amount of $12,575.85. Plaintiff, as a judgment creditor of defendants, has instituted attachment execution and served interrogatories upon Bensalem Township, seeking to attach ". . . all escrow funds deposited by Hidden Valley Development Corporation with Bensalem Township".

Bensalem Township (garnishee), filed preliminary objections contending that they are immune and exempt from garnishment as a political subdivision of the Commonwealth of Pennsylvania and further that the escrow funds held by Bensalem Township are being held pursuant to the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, art. I, § 101 et seq. (53 P.S. § 10101 et seq.) and are therefore exempt from garnishment.

On March 22, 1983 the undersigned entered an Order sustaining the garnishee's preliminary objections in the nature of a motion to strike, further directing that the writ of execution issued to Bensalem Township as garnishee be stricken. From this order plaintiff has taken an appeal and hence, this opinion.

First, in dealing with the question of immunity, it is admitted that the garnishee is a second class township within this Commonwealth. We note that the law in Pennsylvania since the case of City of Erie v. Knapp, 29 Pa. 173 (1857), with the exception hereinafter discussed, is that political subdivisions of the Commonwealth of Pennsylvania cannot be made a garnishee either in a foreign attachment or execution attachment. The case of Wood Refrigerating Co. v. Preston, 7 D.&C. 2d 648 (1956), dealt

with a garnishment proceeding against the City of Pittsburgh and therein, the Court of Common Pleas of Allegheny County held that the Knapp case is the law in this state and has never been reversed or altered. The reason for so holding is logical, for it would be injurious to the public interest to allow garnishment against a political subdivision. The Knapp case was also cited and upheld in the well-reasoned opinion in A. Newton Bugbee, Inc. v. Carl E. Widell & Son, 47 D.&C. 2d 133 (1969), which dealt with a garnishment proceeding against the City of Allentown.

As previously noted, the only case which throws question upon our ruling is Central Contracting Company v. C. E. Youngdahl & Company, Inc., 418 Pa. 122, 209 A.2d 810 (1965). This case we believe to be distinguishable from the case at hand and the Knapp case. In the Central Contracting case, the Pittsburgh Housing Authority was joined as a garnishee and the lower court held that it was immune from garnishment proceedings. However, the Pennsylvania Supreme Court reversed the lower court. The appellate court held that a housing authority is more in the nature of a corporation, doing business as such, and is, therefore, not immune from garnishment proceedings. However, it should be noted that in no case since the Central Contracting case has the Pennsylvania Supreme Court made any ruling on the rejection of immunity of political subdivisions from garnishment proceedings and therefore it is our belief that the Central Contracting case is limited to agencies, such as housing authorities, which are involved in many contractual dealings.

As there is no quarrel with the proposition that Bensalem Township is a second class township, not a municipal housing authority, we firmly believe that a political subdivision should still be afforded

the immunity granted long ago by the Pennsylvania Supreme Court. As will later be spelled out, the only involvement of Bensalem Township in this case is that of holding escrow funds of the developer for the purpose of security for municipal improvements. Therefore, until such time as the Pennsylvania Supreme Court clearly overrules City of Erie v. Knapp, supra, with regard to all political subdivisions as opposed to the limited and distinguishable reversal which came about in Central Contracting, we found Bensalem Township to be immune and not subjected to garnishment proceedings.

Turning to the question as to whether escrow funds held by Bensalem Township pursuant to the Pennsylvania Municipalities Planning Code are exempt from garnishment, we note that the writ of execution served upon the township indicates that the plaintiff is seeking to attach by way of garnishment proceedings the escrow funds deposited by the defendant with the township. We do not believe such funds are subject to garnishment by reason of certain provisions of the Municipalities Planning Code. The Pennsylvania Municipalities Planning Code contains several provisions dealing with money to be held by the municipality for the purpose of assuring that public improvements be done within the development. These sections can be found at 509 through 511. The purpose of the statute in this regard is clear, namely, to make certain that public improvements, as may be required by Subdivision and Land Development Ordinances of the municipality, are properly completed.

Section 10111 (53 P.S. §10511) of the Code, provides in pertinent part as follows:

". . . All of the proceeds, whether resulting from the security or from any legal or equitable action brought against the developer, or both, shall be used

solely for the installation of the improvements covered by such security, and not for any other municipal purpose."

Therefore, it is evident that the sole purpose for which these funds can be used is to complete the improvements if they are not completed by the developer and cannot be used for the purpose of paying off a judgment creditor of the developer. The escrow funds held by the township are being held to insure that public improvements are done. The township could not use the money for any other purpose and therefore the funds should be exempt from garnishment proceedings.

If a court would allow these funds to be the subject matter of the garnishment proceedings, the township would be without the necessary guarantee to provide that the public improvements were completed as agreed upon by the developer. We, the court, would then by doing something which the township could not do. We, the court, would be stepping in and over the authority of the Municipalities Planning Code, forcing the township to use the escrow funds for a purpose beyond which the statute allows.

By way of a final statement, we believe that a serious question exists as to whether or not the escrow funds sought to be garnished meet the definition of property of the defendant as found in Pa. R.C.P. 3101(b)(2). There is a distinct problem in our mind as to whether or not, at the present time, these escrow funds are the property of defendant. Until such time as the improvements in the development are completed, defendant cannot touch these funds, and it is only upon the failure of defendant to finish the improvements within the time allowed, that the township can touch the funds. That is to say, it is only upon the default of defendant that the town-

ship can do anything with the funds and then as previously noted, to use the fund solely for the purpose of finishing the project as agreed to be completed by defendant.

It is for the above reasons that we entered our order of March 22, 1983 sustaining the garnishee's preliminary objections in the nature of a motion to strike and directing the writ of execution issued to the Township of Bensalem, Bucks County, Pa., as garnishee, be stricken.