## Smith, Inc. v. Belle

*Roger M. Morgenthal,* for plaintiffs.
*Thomas F. J. MacAniff,* for defendant.

BAYLEY, *J.*, April 12, 1985—These are four separate cases in which plaintiffs have final judgments entered against defendant, John E. Belle. Defendant has won a major state lottery prize and plaintiff in each case has issued a writ of execution against him and indexed the writ against the Pennsylvania Department of Revenue, Bureau of State Lotteries. In each case plaintiff has served interrogatories on the Pennsylvania Department of Revenue, Bureau of State Lotteries, as garnishee, seeking information as to what funds defendant won and the liability of the garnishee to him.

In each case defendant has filed a preliminary objection to the garnishment interrogatories claiming that the Commonwealth of Pennsylvania and its agencies and instrumentalities are immune from suit, including garnishment and execution proceedings, unless such immunity has been specifically

waived by statute. Defendant claims that this immunity has not been waived and that his objections to the interrogatories should be sustained since the Commonwealth does not have the authority to pay lottery winnings to any person or entity other than the holder of the winning lottery ticket.

## DISCUSSION

Section 1 of the Act of September 28, 1978, P.L. 788, 1 Pa. C.S. §2310 provides:

"Pursuant to §11 of Article I of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain immune from suit *except as the General Assembly shall specifically waive the immunity*" (Emphasis added.)

The terms "sovereign immunity" and "immune from suit" encompass all forms of civil proceedings. The rationale for the immunity of governmental entities and agencies from garnishment proceedings is that an entity which may not itself be named as defendant should not be forced to litigate as garnishee. See Goodrich-Amram 2d §3102(d):1.1 and §3111(b):6.2.

In Commonwealth ex rel. Charlton v. Lawson, 2 D. & C. 2d 637 (1954), the court held that the Pennsylvania Liquor Control Board could not be made a garnishee in an attachment execution for wages under the support law based upon the general immunity of the Commonwealth from suit. In Richter v. George Doherty Lumber Co., 16 D. & C. 2d 181 (1958), an urban redevelopment authority and public parking authority were held immue and not subject to attachment execution proceedings as gar-

nishees. In Wood Refrigerating Co. v. Preston, 7 D. & C. 2d 648 (1956), a similar conclusion was reached as to a municipal corporation. The court cited Erie v. Knapp, 29 Pa. 173 (1857), for the rule that Commonwealth agencies are immune from garnishment proceedings.

As recently as 1981 the Superior Court in Buchholz v. Cam, 288 Pa. Super. 33, 430 A.2d 1199 (1981), held that the City of Philadelphia was exempt from garnishment. However, in Central Contracting Company v. C. E. Youngdahl & Company, Inc., 418 Pa. 122, 209 A.2d 810 (1965), the Supreme Court held that the Pittsburgh Housing Authority could be summoned as a garnishee in foreign attachment proceedings noting that the Housing Authority Act provided that an Authority may "sue or be sued." In the present case the State Lottery Law, 72 P.S. §3761.8 provides:

"§3761.8. Assignability of Prizes Drawn.

No right of any person to a prize drawn shall be assignable, except that payment of any prize drawn may be paid to the estate of a deceased prize winner, and, *except that any person pursuant to an appropriate judicial order may be paid the prize to which the winner is entitled.* The secretary shall be discharged of all further liability upon payment of a prize pursuant to this section". (Emphasis added.)

We have difficulty in arriving at the conclusion that the legislature, while not authorizing a winner of the lottery to assign his proceeds, nevertheless specifically made those proceeds subject to attachment. Section 8 of the act specifically authorizes payment of prizes only to winners except in cases of judicial orders. It naturally follows that the prizes are subject to being paid to persons or entities other than prize winners upon the authority of those judicial orders.

In effect, the Lottery Statute provides for a limited waiver of immunity. While not allowing the Department of Revenue or the Lottery Bureau to be sued in the traditional sense, the statute clearly provides that they are subject to judicial orders regarding the undistributed funds due to prize winners.

The law is both reasonable and understandable. The amount of litigation or disruption to the Commonwealth involving judicial orders that attach and seek information on lottery winnings held by the government is limited. Furthermore, we conclude that the legislature recognized, that in the unique situation involving lottery winners, it would be contrary to public policy to allow undistributed funds to be unavailable for attachment by creditors merely because a state agency was conducting what is essentially a commercial activity.

Lastly, plaintiffs note that the Bureau of Lotteries own regulations provide that the payment of lottery winnings may be made only to the holder of a winning lottery ticket. 61 Pa. Code §§811.21 through 811.26. To the extent that these regulations are inconsistent with the legislative grant of authority in §8 of the State Lottery Law, they are unenforceable. The writ of execution with its indexing against the Department of Revenue, Bureau of State Lotteries as garnishee, and the propounding of interrogatories to the garnishee pursuant to that order, are legally authorized under §8 of the Lottery Law. Accordingly, the following order is entered as to each case

## ORDER OF COURT

And now, this April 12, 1985, defendant's preliminary objections to the garnishment interrogatories served on the Pennsylvania Department of Revenue, Bureau of State Lotteries, are dismissed.